CLARA C. BABBITT v. GEORGE S. CALKINS.

*Special finding—Single and treble damages.*

Where a declaration contains two counts, one claiming single damages as at common law and the other treble damages under a statute, it is competent for the court, in making a special finding, to give judgment under the statutory count, though plaintiff had not elected on which to rely.

Error to Muskegon.   Submitted Oct. 11.   Decided Oct. 31.

TRESPASS for cutting, carrying away, converting and disposing of certain trees to plaintiff's damage $250. The second count in the declaration is as follows :

And also, for that the said defendant, on the said first day of January, A. D. 1879, and on divers other days and times between that day and the commencement of this suit, to wit: at the county of Muskegon aforesaid, with force and arms, and contrary to the provisions of chapter one hundred and ninety-eight (198) of the Compiled Laws of 1871, entitled, "Trespass on Land," did wilfully cut down and carry off (without and against the leave and consent of the plaintiff, the owner thereof), divers, to wit: fifty pine trees, fifty oak trees, fifty ash trees, and fifty other trees, and fifty pollards, of great value, to wit: of the value of two hundred and fifty dollars, then and there being and standing on the land of the said plaintiff, to wit: the north-west quarter ($\frac{1}{4}$) of the south-west quarter ($\frac{1}{4}$) of section thirty (30), in township nine (9), north of range fifteen (15) west in said county of Muskegon, and did wilfully then and there, also with like force and arms, and against the said statute, girdle and despoil other trees of the said plaintiff then and there standing and being on the said land of the said plaintiff, to wit: fifty pine trees, fifty oak trees, fifty ash trees,

and fifty other trees, and fifty pollards, whereby the said defendant hath, by force of the said statute, forfeited treble the amount of damages sustained by the said plaintiff by reason of the said premises, and other monies, to the said plaintiff, then and there did against the peace of the people of the State of Michigan, and to the damage of said plaintiff of seven hundred and fifty dollars, and therefore she brings suit, &c.

The plaintiff did not elect under what count she would ask judgment, and defendant requested the court to find specially. The court made the following finding:

That the said plaintiff is, and for five years last past has been, the owner in fee of the land described in said plaintiff's declaration, to wit: the north-west quarter of the south-west quarter of section thirty, in township nine north, of range fifteen west, in said county of Muskegon. That, in the spring of the year 1879, the said defendant entered upon said land, and cut down and carried off of the timber then standing, and growing upon said land, three oak trees making 3904 feet, board measure, eight pine trees making 12,000 feet, board measure, and eighteen white-ash trees making 15,000 feet, board measure. That the value thereof, standing upon said premises, was: for the oak, twenty-five and 37-100 dollars ($25.37); for the pine, forty-two dollars ($42), and for the white-ash, one hundred and thirty-five dollars ($135); the actual value of all said timber, cut and removed by said defendant, was two hundred and two and 37-100 dollars ($202.37).

That the action of said defendant, in entering upon said land and cutting down and carrying off said trees and timber, was wilful, and without the leave of said plaintiff, the owner thereof.

I therefore find, that the said defendant is guilty of the several trespasses in the second count of said plaintiff's declaration mentioned, in manner and form as the said plaintiff hath, in the said second count of her declaration, complained against him, and assess the single damage of the said plaintiff by reason thereof, over and above her costs and charges by her about her suit in this behalf expended, at the sum of two hundred and two dollars and thirty-seven cents ($202.37).

And, in answer to the special requests of said defendant, I find:

*First.* That twelve thousand feet, board measure, of pine logs or timber was taken, during the spring of 1879, from the premises described in said plaintiff's declaration, and

that the value thereof, standing at that time, was $3.50 per thousand feet.

*Second.* That 3904 feet, board measure, of oak logs and timber were taken, during the Spring of 1879, from the premises described in said plaintiff's declaration, and that the value thereof, standing at that time, was $6.50 per thousand feet.

*Third.* That fifteen thousand feet, board measure, of ash logs were taken from the premises in question, during the Spring of 1879, and that the value thereof, standing at that time, was $9.00 per thousand feet.

*Fourth.* There was no evidence tending to show that any oak, pine, or ash trees were cut or removed from the premises in question, between the first day of January, 1879, and the commencement of this suit, other than in the Spring of 1879.

*Fifth.* That the defendant did not, during the Spring of the year 1879, purchase the logs and timber, so taken from the land described in plaintiff's declaration, from John McEwing.

*Sixth.* I find no purchase by defendant from McEwing.

*Seventh.* I find no such contract or purchase.

*Eighth.* I find no delivering to the defendant at Fruitport, but that the defendant had knowledge that the logs and timber were taken from the plaintiff's land.

*Ninth.* The defendant, at the time the square timber (oak and pine) was being got out, had knowledge that the same was being cut from the land of the plaintiff.

*Tenth.* The said defendant directed Luther Cooper, who had drawn the square timber from the lands in question, to go upon the same land and cut and remove therefrom the white-ash, and contracted to pay him $3.00 per thousand therefor.

The three workmen employed by the defendant were directed to go to McEwing, who was also in said defendant's employ, to be informed upon what land to work.

*Eleventh.* The persons who actually cut and removed the logs and timber from the plaintiff's land, were in the employ and under the direction of the defendant, except as they were directed by McEwing, as agent for the defendant where to work.

FRED J. RUSSELL, Circuit Judge.

*F. W. Cook*, for appellant, argued that when plaintiff goes to trial on a declaration containing two counts, one

for single and the other for treble damages, and submits his case without electing which count he will rely on, the judgment or verdict can apply only to the count which claims single damages; and as a finding of facts stands in the place of a verdict the amount found cannot be trebled by the court.

*Smith, Nims, Hoyt & Erwin* for appellee.

MARSTON, J.  We discover no error in the record in this case.  If the case had been submitted to a jury and a general verdict rendered, then the position taken would have force. The court however found the facts and that the plaintiff was entitled to recover under the second count of the declaration.  This was proper and justified the court in rendering judgment for treble damages.

The judgment must be affirmed with costs.

The other Justices concurred.